

# The Attorney General of Texas

December 19, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

001 Texas, Suite 700
Iouston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Romeo M. Flores
Jim Wells County Attorney
P. O. Drawer 2080
Alice, Texas    78332

Opinion No. JM-99

Re:  May county treasurer con-
tract with county to provide
services in connection with
acquisition of right-of-way

Dear Mr. Flores:

You have asked whether the county may contract with the county treasurer, who owns and operates a "right-of-way service company" in his private capacity, for the acquisition of right-of-way property for the county.  The county treasurer would be paid for the services which are separate and apart from his regular duties and compensation as county treasurer.

There is no general statutory prohibition of a county official or employee contracting with the county in a private capacity.  Article 373 of the former Penal Code had applied to all county officials, prohibiting them from contracting with the county.  This provision, however, was repealed with the passage of the new Penal Code in 1973.  Article 2340, V.T.C.S., is now the only statute applicable which explicitly prevents county officials from contracting with the county.  This statute, however, applies only to members of the commissioners court and it provides that a commissioner may not be directly or indirectly interested in any contract with the county.  Article 2364, V.T.C.S., provides that no county official may be interested, directly or indirectly, in any county contract for the purchase of stationery supplies.

The only other provisions of state law which may be applicable to your question would be (1) the Penal Code provisions pertaining to official misconduct, (2) the official oath of office taken by the county treasurer, and (3) a common law conflict of interest which may render such a contract void on public policy grounds.

Chapter 39 of the present Penal Code pertains to the offenses of official misconduct and abuse of office.  Section 39.01 defines official misconduct as generally the unauthorized or excessive exercise of official power, failure to perform an official duty, violating laws relating to the office, and taking or misapplying anything of value.  So long as the county treasurer clearly segregates his official duties and conduct from his private business concerns, it

is unlikely that the official misconduct provisions of section 39.01 can be invoked.   Section 39.03 of the Penal Code concerns the misuse of official information.   If the county treasurer, in the acquisition of a right-of-way through his private business concern, uses information in his official capacity, which has not been made public, in order to acquire the property, he may be guilty of a criminal offense.   Naturally, this determination is based on the resolution of factual questions not before us.   We simply note the possible application of section 39.03.

The county treasurer is required to take the official oath of office.   V.T.C.S. arts. 16 and 1708; Tex. Const. art. XVI, §1.   The constitutional oath of office calls for the faithful execution of official duties and the obligation to preserve, protect, and defend all state and federal laws.   The official oath contains no provisions which would preclude a county officer from contracting in a private capacity with the county.

County contracts with county officials have been found invalid where there is a conflict of interest.   For example, a former county judge cannot be paid for services rendered in the acquisition of right-of-way property pursuant to an agreement entered into while the county judge was still in office.   Attorney General Opinion MW-34 (1979).   Such an arrangement violates article 2340, V.T.C.S., which, again, applies only to members of the commissioners court.   See also Attorney General Opinion WW-1406 (1962) (county may not acquire property from county commissioner for right-of-way except by condemnation).   See generally Bexar County v. Wentworth, 378 S.W.2d 126 (Tex. Civ. App. – San Antonio 1964, writ ref'd n.r.e.) (county commissioner may not have an interest in the county's purchase of voting machines); Attorney General Opinions MW-124 (1980) (county may not purchase crushed rock where county commissioner receives royalties); H-624 (1975) (county may not purchase supplies from cooperative owned in part by commissioner); H-354 (1974) (county may purchase supplies from company owned by brother of county commissioner); M-1140 (1972) (county purchases may not be made from store owned by county commissioner); WW-1241 (1962) (auditor may not have interest in depository and companies contracting with county).

However, as long as there is no conflict of interest, self-dealing, or potential for dereliction of duties, we believe that as a general proposition, a county official or employee may contract with the county through the commissioners court for services or materials which are furnished by that county employee in his private capacity and which are separate and wholly unrelated to his official county duties.   However, we believe further that if there is a reasonably arguable case to be made that a conflict of interest exists, such contracts should be avoided.   The county treasurer performs no function with regard to the county acquisition of right-of-way property.   He simply collects and disburses money.   If the commissioners court wishes to employ him to render services

unconnected with his official duties as county treasurer, we believe they are empowered to do so.  The fact that the county treasurer might be required to sign a county check payable to himself presents no more of a conflict than when he signs his own paycheck.  The monies disbursed from his office must be approved by the county auditor and the commissioners court.

In Attorney General Opinion MW-236 (1980) this office concluded that a deputy sheriff may legally contract with a road district -- a subdivision of the county -- to transport and deposit money collected at a toll bridge.  Such duties and compensation would be separate and in addition to his regular duties and salary as a peace officer.  We believe that your question is comparable to the issue raised in MW-236 and we are of the opinion that a county treasurer is not, as a matter of law, barred from contracting with the county to provide services in connection with the acquisition of right-of-way property.

                    S U M M A R Y

        Jim Wells County may contract with the county
     treasurer, in his private capacity, for the
     acquisition of right-of-way property, and may be
     compensated for such services.

                              Very truly yours,

                              J I M   M A T T O X
                              Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by David Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton